GARY S. FERGUS (CA SBN 095318)
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038
E-mail: gfergus@ferguslegal.com

PAUL K. VICKREY *(Pro Hac Vice pending)*
PATRICK F. SOLON *(Pro Hac Vice pending)*
KARA L. SZPONDOWSKI *(Pro Hac Vice pending)*
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: vickrey@nshn.com
E-mail: solon@nshn.com
E-mail: szpondowski@nshn.com

Attorneys for Plaintiff
Dennis Fernandez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS FERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC; SONY NETWORK ENTERTAINMENT AMERICA, INC.; AND SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC,<br><br>    Defendants. | Case No. cv 11 4973<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiff, Dennis Fernandez, complains of Defendants Sony Computer Entertainment
2    America LLC ("SCEA"), Sony Network Entertainment America, Inc. ("SNEA"), and Sony Network
3    Entertainment International LLC ("SNEI") (collectively "Defendants") and alleges as follows:

### NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Dennis Fernandez is a resident of Atherton, California, located in San Mateo County, California.

3. The patents-in-suit are U.S. Patent No. 7,221,387 entitled "Digital Television With Subscriber Conference Overlay," which issued on May 22, 2007 (the "'387 patent," Exhibit A) and U.S. Patent No. 7,355,621 entitled "Digital Television With Subscriber Conference Overlay," which issued on April 8, 2008 (the "'621 patent," Exhibit B), U.S. Patent No. 6,339,842 entitled "Digital Television With Subscriber Conference Overlay," which issued on January 15, 2002 (the "'842 patent," Exhibit C), and U.S. Patent No. 8,032,915 entitled "Digital Television with Subscriber Conference Overlay," which issued on October 4, 2011 (the "'915 patent," Exhibit D). The '387, '621, '842, and '915 patents generally cover devices and methods for on-line conferencing in gaming devices.

4. Dennis Fernandez owns and has all right, title and interest in the '387, '621, '842, and '915 patents, including all claims for damages by reason of past, present or future infringement, with the right to sue for and collect damages for the same and, therefore, has standing to sue for infringement of the '387, '621, '842, and '915 patents.

5. Sony Computer Entertainment America LLC ("SCEA") is a Delaware Corporation with its headquarters located in Foster City, CA. Upon information and belief, SCEA is a wholly owned subsidiary of Sony Computer Entertainment, Inc., which is a subsidiary of Sony Corporation. SCEA designs, develops, offers for sale and sells nationwide, including substantial sales in this judicial district, products that are covered by claims 17, 48, and 51 of the '387 patent, claims 6 and 8 of the '842 patent, claim 35 of the '621 patent, and claim 11 of the '915 patent, such as Playstation

3 and PlayStation Network.

6. Sony Network Entertainment America, Inc. ("SNEA") is a Delaware corporation with its principal place of business in New York, New York. Upon information and belief, SNEA is a division of SCEA. SNEA designs, develops, offers for sale and sells nationwide, including substantial sales in this judicial district, products that are covered by claims 17, 48, and 51 of the '387 patent, claims 6 and 8 of the '842 patent, claim 35 of the '621 patent, and claim 11 of the '915 patent, such as PlayStation Network.

7. Sony Network Entertainment International, LLC ("SNEI") is a Delaware corporation with its principal place of business in Los Angeles, California. Upon information and belief, SNEI is a subsidiary of Sony Corporation of America, which is the United States subsidiary of Sony Corporation. SNEI designs, develops, offers for sale and sells nationwide, including substantial sales in this judicial district, products that are covered by claims 17, 48, and 51 of the '387 patent, claims 6 and 8 of the '842 patent, claim 35 of the '621 patent, and claim 11 of the '915 patent, such as PlayStation Network.

**JURISDICTION AND VENUE**

8. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because SCEA, SNEA, and SNEI transact business in this district and have committed acts of infringement in this judicial district.

**PATENT INFRINGEMENT**

10. Defendants have made, used, sold, offered for sale, and/or imported products with on-line conferencing capabilities, including but not limited to the PlayStation 3 and PlayStation Network products. These acts by Defendants have directly infringed at least claims 17, 48, and 51 of the '387 patent, claims 6 and 8 of the '842 patent, claim 35 of the '621 patent, and claim 11 of the '915 patent within the meaning of 35 U.S.C §271(a).

11. Defendants have also committed and unless ceased upon filing of this Complaint, will continue to commit acts that constitute, with their knowledge of the '387, '621, '842, and '915

3

Fernandez v. Sony Computer Entertainment America LLC et. al.
Complaint for Patent Infringement

1  patents, knowing and intentional inducement of infringement of at least claims 17, 48, and 51 of the
2  '387 patent, claims 6 and 8 of the '842 patent, claim 35 of the '621 patent, and claim 11 of the '915
3  patent by others within the meaning of 35 U.S.C. §271(b) through, among other things, their acts of
4  providing on-line conferencing capabilities through at least the PlayStation 3 and PlayStation
5  Network products, and demonstrating and instructing users of PlayStation 3 and PlayStation
6  Network how to install and utilize the PlayStation 3 and PlayStation Network products through, for
7  example, on-line instructions available through their web site, http://www.playstation.com, or
8  through other user guides or manuals. Defendants have committed, and will continue to commit,
9  these acts with knowledge of the '387, '621, '842, and '915 patents and with knowledge of
10 infringement of these patents through the use of PlayStation 3 and PlayStation Network products by
11 Defendants and other users.

12      12.  SCEA has had knowledge of the '842 patent since at least October 10, 2006, when it
13 was notified of its infringement, and the '387 patent since at least December 27, 2007, when it was
14 notified of its infringement. Sony Corporation has had knowledge of the '387, '621, and '842
15 patents since, at the latest, April 28, 2011, when it was notified of its infringement of the '387, '621,
16 and '842 patents. Through their relationship to Sony Corporation and SCEA, SNEA and SNEI have
17 thus had knowledge of the '842, '621, and '387 patents. Through its relationship to Sony
18 Corporation, SCEA has had knowledge of the '621 patent.

19      13.  Users of PlayStation 3 and PlayStation Network, in turn, who have used such
20 products directly infringe at least claims 17, 48, and 51 of the '387 patent, claims 6 and 8 of the '842
21 patent, claim 35 of the '621, and claim 11 of the '915 patent within the meaning of 35 U.S.C.
22 §271(a) through the use and operation of the PlayStation 3 and PlayStation Network products.

23      14.  The Defendants' direct infringement and/or inducement to infringe has injured
24 Dennis Fernandez, and Dennis Fernandez is entitled to recover damages adequate to compensate him
25 for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

27 WHEREFORE, Plaintiff, Dennis Fernandez, respectfully requests this Court enter judgment
28 against Defendants and against their subsidiaries, successors, parents, affiliates, officers, directors,

4

Fernandez v. Sony Computer Entertainment America LLC et. al.
Complaint for Patent Infringement

agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

    A.    The entry of final judgment in favor of Dennis Fernandez;

    B.    An award of damages adequate to compensate Dennis Fernandez for the infringement which has occurred, together with prejudgment interest from the date infringement began, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284; and

    C.    Such other further relief as this Court or a jury may deem proper.

## JURY DEMAND

Dennis Fernandez demands a trial by jury on all issues presented in this Complaint.

Dated: October 7, 2011

Respectfully submitted,

By: *[signature]*

Gary S. Fergus
FERGUS, A LAW OFFICE
595 Market Street, Suite 2430
San Francisco, California 94105
Phone: (415) 537-9032
Fax: (415) 537-9038
E-mail: gfergus@ferguslegal.com

PAUL K. VICKREY *(Pro Hac Vice pending)*
PATRICK F. SOLON *(Pro Hac Vice pending)*
KARA L. SZPONDOWSKI *(Pro Hac Vice pending)*
NIRO, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
E-mail: vickrey@nshn.com
E-mail: solon@nshn.com
E-mail: szpondowski@nshn.com


Attorneys for Dennis Fernandez