IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS FERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ADOBE SYSTEMS, INC.,<br><br>  Defendant.<br>_____ / | No. C 11-04491 WHA<br><br>**ORDER DENYING MOTION<br>TO RELATE CASES** |

Having considered the administrative motion to consider whether four separate patent-infringement cases are related to the above-captioned case, this order finds that they are not. While all these actions involve one or more patents owned by plaintiff Fernandez, they concern five different defendants each with different accused products.

The infringement issues will vary from defendant to defendant because their products, though similar, undoubtedly implement different functionalities and work in different ways. Additionally, the damages issues, willfulness issues, time frames, accused conduct, and discovery issues will obviously vary from defendant to defendant.

It is true that patent claims asserted in the instant action are also asserted against the other defendants, in addition to other patent claims not asserted here. At most, this means that *some* claim construction issues will overlap. While it would be nice to have an identical set of elaborations on the asserted claims for each accused infringer, even that may not be practical, for

1  the differences in the accused products will provoke differences in which words and slants in the
2  claim language really matter.  These differences will lead one defendant to focus entirely upon the
3  meaning of certain words or phrases in a claim and another defendant to focus entirely on
4  different words or phrases even though they are in the same claim.  In other words, the
5  claim-construction work likely will not be the same for all defendants, even if they are facing trial
6  on the same claims.  The claim-construction work must be adapted to the actual issues being
7  litigated over the varying accused acts.  In short, relating the actions would not avoid duplication
8  of labor nor substantially reduce the risk of inconsistent results.

9  Moreover, the other actions involve other patents not asserted in the instant action.
10  Plaintiff seeks to relate actions against Microsoft Corporation and against Sony Computer
11  Entertainment America LLC (Case Nos. 11-4974 and 11-4973, respectively) to the
12  above-captioned action.  Each of these actions involves four additional patents and different
13  accused products.  Plaintiff also seeks to relate an action against Cisco Systems, Inc.
14  (Case No. 11-4968) to the above-captioned action.  The action against Cisco involves an
15  additional patent and a different accused product.  Plaintiff also seeks to relate an action against
16  Blackboard, Inc. (Case No. 11-4969) to the above-captioned action.  Although the action against
17  Blackboard asserts the same patent claims as the instant action, it involves different
18  accused products.

19  As to all four cases, the motion to relate is **DENIED**.  Due to the multiplicity of varying
20  issues raised by the different accused products and, in most cases, different patents, this order
21  finds that the cases are not related within the meaning of our local rules.

**IT IS SO ORDERED.**

Dated:  November 16, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE